UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

NATIONAL CENTURY FINANCIAL        Case No. 2:06-cv-883
ENTERPRISES, INC., et al.,              JUDGE GREGORY L. FROST

**OPINION & ORDER**

This matter comes before the Court for consideration of motion for leave to file an appeal (Doc. # 4) filed by Appellant Biomar Technologies, Inc. ("Biomar"), a memorandum in opposition (Doc. # 5) filed by Appellee the Unencumbered Assets Trust ("Trust"), and a reply. (Doc. # 6). For the reasons that follow, this Court denies Biomar's motion. (Doc. # 4).

**A. Background**

In its April 18, 2006 Opinion and Order, the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, entered judgment against Biomar on the Trust's complaint and objection to claim. Pursuant to 8002(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Biomar had 10 days thereafter in which to file a timely notice of appeal. It is undisputed that counsel for Biomar contacted Biomar as soon as counsel received notice of Bankruptcy Court's judgment. It is also undisputed that Biomar's counsel did not file a notice of appeal within those ten days. On May 16, 2006, 28 days after judgment, Biomar filed a motion to extend the time for filing notice of appeal pursuant to 8002(c) of the Bankruptcy Rules. Section 8002(c) authorizes such an extension pursuant to a timely motion and a showing of excusable neglect. On May 17, 2006 Biomar filed an amended motion and an untimely notice of appeal. The Trust opposed the amended motion and separately moved to strike the second notice of appeal.

On July 19, 2006 the Bankruptcy Court issued an Opinion and Order granting the Trust's motion to strike and denying Biomar's motion for extension of time to file an appeal. The Bankruptcy Court found that Biomar failed to establish grounds that would constitute excusable neglect under Section 8002(c).

On July 28, 2006, Biomar timely filed a notice of appeal of the Bankruptcy Court's July 19, 2006 Opinion and Order pursuant to Bankruptcy Rule 8002(c)(2). On August 28, 2006 Trust filed a written statement of election to District Court.[1] Subsequently, on October 18, 2006 the Bankruptcy Appellate Panel of the Sixth Circuit issued an order striking the notice of appeal for lack of jurisdiction and transferred the instant appeal to this Court.

In the present action, Biomar requests that this Court reverse the Bankruptcy Court's finding by granting Biomar leave to file notice of its appeal.

### B. Issue Presented

This case presents the following issue to the Court: did the Bankruptcy Court abuse its discretion in denying Biomar's motion for an extension of time to file an appeal based on its finding that Biomar's failure to file a timely notice of appeal was not the result of excusable neglect.

### C. Jurisdiction and Standard of Review

A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges."

---

[1] This case was properly transferred pursuant to Fed. R. Bankr. P. 8001(e), which states in relevant part: "[A]n election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." As indicated in 28 U.S.C. § 158(c)(1), any party can elect to have the case heard by the district court within 30 days of the filing of the notice to appeal.

28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 151 (B.A.P. 6th Cir. 2000); (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations omitted)). As in the present case, "[a]n order denying a motion for extension of time to file a notice of appeal pursuant to Fed. R. Bankr. P. 8002(c)(2) is a final order." *Schultz*, 254 B.R. at 151 (quoting *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997)). Thus, because this appeal lies from a final judgment, §158(a)(1) vests this Court with jurisdiction over the matter.

Denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. *See, e.g., Schultz*, 254 B.R. at 151. "A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors." *Schultz*, 254 B.R. at 152 (quoting *Hess*, 209 B.R. at 80). The Sixth Circuit has also phrased the test for abuse of discretion as: "[t]he question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Shultz,* 254 B.R. at 152 (citing *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.),* 227 F.3d at 608).

The meaning of excusable neglect is a question of law that is subject to *de novo* review. *Schultz*, 254 B.R. at 151. De novo review requires this Court to review questions of law independent of the Bankruptcy Court's determination. *Id.*

**D. Discussion**

Biomar argues that its neglect is excusable for several reasons.  First, Biomar admits to its ignorance of the Bankruptcy Rules regarding the amount of time it had to file a notice of appeal.  Second, Biomar acknowledges that filing notice of an appeal is a simple task. It argues, however, that the complexity of the issues both legally and factually led it to immediately focus on the merits of its appeal and not the amount of time it had to file notice. Biomar also mentions that counsel and the client reside three time zones away, which allegedly made it difficult to communicate with one another.  Finally, Biomar posits that its request for an extension is in good faith and poses no threat of prejudice to Trust or to the case as a whole.

With respect to the decision of the Bankruptcy Court, Biomar offers two assignments of error as to why this Court should reverse the Bankruptcy Court's decision for an abuse of discretion.  First, Biomar alleges that the Bankruptcy Court dismissed the significance of the facts aforementioned.  Rather, Biomar posits that the Bankruptcy Court instead improperly weighed the reason for the delay by focusing on the fact that preparation of a notice of appeal is relatively simple.  Biomar also claims that the Bankruptcy Court held Biomar to a more stringent standard than Trust's counsel when it extended Trust Counsel's timely request to extend post-trial briefing to accommodate Trust's Counsel's wedding plans, while refusing to grant Biomar's request  for an extension to file an appeal.

Trust, in contrast, argues that the Bankruptcy Court considered all of the factors Biomar cited when making its determination to deny Biomar's request for an extension.  Trust further argues that the Bankruptcy Court gave appropriate weight to the reason for the delay factor in

light of Biomar's proffered reason.  Trust contends that the Bankruptcy Court was correct when it found that ignorance of clearly stated Bankruptcy Rules regarding when a notice of appeal must be filed does not add up to excusable neglect.  Trust emphasizes the simplicity in filing a notice of appeal, and that Biomar, in Trust's opinion, simply failed to file it timely without a sufficient excuse.  Finally, Trust contends that Biomar's argument regarding the Bankruptcy Court allegedly holding Biomar to higher standard, has absolutely no legal basis.  Trust correctly notes that a post-trial briefing schedule, unlike the deadlines in Rule 8002(c), is neither established by rule nor jurisdictional.  For the reasons that follow, this Court finds that Biomar's arguments are meritless.

Bankruptcy Rule 8002(a) provides that notice of an appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  The 10-day appeal period may be extended, however, under certain conditions as set forth in Bankruptcy Rule 8002(c)(2), which provides:

> A request to extend the time for filing a notice of appeal must be made
> by written motion filed before the time for filing a notice of appeal
> has expired, except that such a motion filed not later than 20 days after
> the expiration of the time for filing a notice of appeal may be granted
> upon a showing of excusable neglect.  An extension of time for filing a
> notice of appeal may not exceed 20 days from the expiration of the time
> for filing a notice of appeal otherwise prescribed by this rule or 10 days
> from the date of entry of the order granting the motion, whichever is later.

In the present case, Biomar relies on the "excusable neglect" language creating an exception to the appeal limitations period.  The Bankruptcy Rules do not define "excusable neglect."  The Sixth Circuit, however, has appropriately characterized the term as "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *See, e.g, Shultz,* 254 B.R. at 153.  The Sixth Circuit

applies a two-part analysis to determine whether there is excusable neglect. *Shultz,* 254 B.R. at 153. First, the Court must decide whether the failure to timely file was the result of neglect*. Id.* "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.'" *Pioneer Inv. Serv. Co. v. Brunswick Ltd P'ship et al.*, 507 U..S. 380, 388 (1993) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in orginal)); *see also Shultz,* 254 B.R. at 153. Here, Biomar's counsel's failure to timely file a notice of appeal within ten days constitutes neglect. *See Shultz,* 254 B.R. at 153 (stating that "[d]ebtors's attorney's failure to timely file a notice of appeal or an extension of the time to appeal constitutes neglect.") The issue is therefore whether that neglect is excusable.

The second prong of the "excusable neglect" analysis–whether the neglect was excusable–requires a court to engage in a more exacting inquiry. The Supreme Court declared in *Pioneer:*

> [T]he determination [of what sort of neglect will be construed as excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of the prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 395.[2]

Sixth Circuit precedent mandates that a court must weigh all of the *Pioneer* factors aforementioned when determining whether the neglect was excusable in a particular case. *See Shultz,* 254 B.R. at 153, 154. The Sixth Circuit has acknowledged that many courts have

---

[2] The *Pioneer* Court was considering the excusable neglect provision of Bankruptcy Rule 9006(b)(1). The Sixth Circuit, however, has determined that the *Pioneer* standard of excusable neglect applies to Bankruptcy Rule 8002(c) as well. *See, e.g.*, *Shultz,* 254 B.R. at 153.

appropriately given the most weight to the reason for the delay. *Id.* at 153 (citations omitted). The Sixth Circuit has also provided significant insight into this factor.

The Sixth Circuit recognized in *Schultz* that in the context of Bankruptcy Rule 8002(c) courts have consistently held that "law office upheaval" cases should not be construed as excusable neglect. *Shultz,* 254 B.R. at 153-54. Thus, neglect is not excusable in cases that involve clerical or office dilemmas such as misunderstanding of the Bankruptcy Rules, lack of office support staff, or any other problems inherent with running a law office. *Shultz,* 254 B.R. at 154 (citing *Hess*, 209 B.R. at 83 (holding that it is no excuse that a lawyer's practice interferes with compliance with limitations and deadlines); *In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994) (stating that a [m]isunderstanding of Bankruptcy Code and Rules and the heavy workload of counsel do not constitute excusable neglect); *In re GF Furniture Sys., Inc.*, 127 B.R. 382, 383-84 (Bankr. N.D. Ohio 1991) (stating that solo practitioner's preoccupation with other litigation was not excusable neglect); *Edmonson v. Bradford-White, Corp. (In re Tinnell Traffic Serv., Inc.)*, 43 B.R. 280, 282-283 (Bank. M.D. Tenn. 1984) (finding no excusable neglect where associate attorney was not made aware of fact that bankruptcy's court decision must be appealed within ten days)).

Conversely, the Sixth Circuit has recognized that excusable neglect includes "sudden death, disability or illness of counsel or the party." *Shultz,* 254 B.R. at 153-54 (noting the distinction between examples of excusable neglect--serious illness of a spouse or the attorney himself–and situations of inexcusable neglect that can be accommodated–the illness of an attorney staff member or an unusually heavy case load).

In *Schultz*, the Sixth Circuit held that the bankruptcy court abused its discretion in

7

deciding that a debtor's failure to timely file a request for an extension of the time to appeal was not due to excusable neglect. *Shultz,* 254 B.R. at 154 (attorney in case was sole care-giver of extremely and unexpectedly ill wife who had been hospitalized for neutropenic fever, a side effect of her chemotherapy treatment, allowing attorney to devote only part-time hours to his solo law practice during 10-day appeal period).

Here, the Bankruptcy Court recognized that "*Pioneer* requires consideration of all of the relevant facts and circumstances including specifically four factors, in the course of coming to a conclusion which is equitable." (Doc. # 1.) The Bankruptcy Court then proceeded to consider all four factors.

With respect to the danger of prejudice to Trust caused by the delay of filing, it noted that:

> [t]his case has been expedited by the Court giving preferred attention to issues brought before it for resolution. Time has been a vital factor because of the many healthcare providers whose cash flow problems necessitated authorization by order of this Court for them to remain open. It is impossible to quantify in money what the cost of time is in this situation. Certainly any delay has ramifications which are adverse to the debtors and their creditors, both directly and vicariously.

*Id.*

As for the second factor--the length of delay and impact on judicial proceedings, the Bankruptcy Court noted that:

> [t]he facts related in the first factor also apply, but more perceptible are the costs of representation of the participating parties and the time of the judicial process. The costs of administration plus professional fees diminish and erode the estate to the detriment of the healthcare providers for whom this case is being pursued.

*Id.*

As for the third factor–the reason for the delay– the Bankruptcy Court made several findings throughout its opinion. It noted the following:

> Ignorance of the law, or of the Rules, has not been an adequate basis to be excused for neglect of "overlooking" an application law or law procedure. In fact, as stated by the Supreme Court in *Pioneer*, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 398 (1993). This Court finds it almost beyond belief the assertion that dealing with a "client situated in the state of California, which involves a three-hour time difference" could rise to creating an excuse for neglect. We are in an age of instantaneous electronic communication, with e-mail, fax, and teleconferencing in addition to the still operative telephone, which is significantly augmented by cell phones and answering devices for messages. If these capabilities were a problem, it seems that it should have been addressed upon establishing the representational relationship.

*Id.*

Second, in light of Biomar's explanation for its delay, the Bankruptcy Court emphasized, that filing of notice of appeal is a simple task. The Bankruptcy Court noted:

> The notice of appeal is a simple document which after filing would have easily afforded significant time for extensive review and analysis of the issues for appeal. Indeed, "[t]he notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorney, and (3) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). A designation of items for inclusion in the record on appeal and statement of issues for appeal is not due until 10 days after filing the notice. Fed.R. Bankr. P. 8006.

*Id.*

This Court finds compelling the Bankruptcy Court's finding that:

> the simplistic nature of filing the notice of appeal and additional time allowed to formulate the issues on appeal clearly negates counsel's argument that the neglect is excusable because counsel was "distracted" by the complexity of the issues and length of the Court's decision. *See*, Fed. R. Bankr. P. 8001. The overlay of all of the factors in this case would suggest that obtaining time for review and analysis would necessitate the preservation of the right to appeal as the first priority.

*Id.*

In sum, with respect to the reason for delay the Bankruptcy Court found that:

> analysis in the first two factors sets forth this Court's reasoning in reaching the conclusion that the proffered excuses were in the context of this case without merit in part because when Biomar's counsel became aware of what they perceived as the enormity of the facts in this case they could have augmented their technical capabilities, staff or co-counsel to prevent their distraction by these matters and because a simple notice of appeal would have given them time to correct those deficiencies and for research, review and analysis.

*Id.*

Finally, the Bankruptcy Court considered the fourth factor: whether the movant acted in good faith. It noted that:

> [t]he meaning of "good faith" in the context of this excusable neglect in this adversary means something more than the usual understanding of good or bad faith. This Court's interpretation of the term here, is whether the movant's counsel was culpable for his overlooking, inadvertence, distraction, erroneousness or being unprepared in this representation of a client in this case. Bankruptcy is a narrow speciality for practitioners and this case has from the inception being a "big case," its complexity being no secret.

This Court finds that the Bankruptcy Court did not abuse its discretion when it made the equitable determination that Biomar's neglect was inexcusable. This Court also finds that Biomar's proffered reasons for it failure to file a timely notice of appeal are not only inexcusable, but are, at best, dubious. Thus, this Court is not left with a "definite and firm conviction that the Bankruptcy Court committed a clear error of judgment." *Shultz,* 254 B.R. at 155 (citing *M.J. Waterman & Assocs., Inc.,* 227 F.3d at 607-608). Rather, despite Biomar's contentions, this Court finds that the Bankruptcy Court took into consideration every *Pioneer* factor, and applied each factor correctly in light of Supreme Court and Sixth Circuit precedent. Moreover, this Court concludes that the Bankruptcy Court's appropriately determined that the circumstances were within the complete control of Biomar. *See Shultz,* 254 B.R. at 155 (citing *Pioneer*, 507 U.S. at 395). Finally, this Court finds that the Bankruptcy Court's emphasis on

10

both the simplicity of filing an appeal and Biomar's reason for the delay was especially appropriate given the baseless and embarrassing explanations that Biomar offers to justify its inattention to and misunderstanding of the most clear and simple rules of Bankruptcy Court.

### E. Conclusion

For the reasons aforementioned, this Court **DENIES** Biomar's Motion.  (Doc. # 4).  The clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

 /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

11